**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

A & A RESTAURANT OF REPUBLIC PLAZA CORP. d/b/a COZZOLI'S PIZZERIA,

                Defendant.

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct the unlawful employment practice of maintaining a hostile work environment based on national origin (Haitian), and to provide appropriate relief to Marie Fradestin and the class of individuals adversely affected by such practices. This action also seeks to correct the unlawful employment practice of retaliation, and to provide appropriate relief to Ms. Fradestin, who was adversely affected by such practice. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), contends Defendant A & A Restaurant of Republic Plaza Corp. d/b/a Cozzoli's Pizzeria ("Defendant") discriminated against a class of employees by subjecting them to a hostile work environment because of their national origin, Haitian, and that Defendant failed to take prompt and effective remedial action to eliminate the hostile work environment. EEOC further

alleges that Defendant changed Ms. Fradestin's schedule and discharged her because of her national origin, Haitian, and in retaliation for her prior protected activity.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been doing business in the State of Colorado and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Marie Fradestin filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2003, Defendant has engaged in unlawful employment practices at its Denver International Airport location, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Ms. Fradestin and a class of similarly situated Haitian employees to a hostile work environment because of their national origin.

8. Beginning in December 2005, Defendant engaged in unlawful employment practices against Ms. Fradestin, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by changing Ms. Fradestin's schedule and discharging her because of her national origin and in retaliation for her prior protected activity.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Fradestin and a class of similarly situated Haitian employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

10. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Fradestine of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin and in retaliation for exercising her federally protected rights.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

12.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Fradestin and a class of similarly situated Haitian employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in national origin discrimination and retaliation.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Haitians, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ms. Fradestin and a class of similarly situated Haitian employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.     Order Defendant to make whole Ms. Fradestin and a class of similarly situated Haitian employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

H.     Order Defendant to make whole Ms. Fradestin and a class of similarly situated Haitian employees by providing compensation for past and future nonpecuniary losses resulting from

the unlawful practices complained of in paragraphs 7 and 8 above, in amounts to be determined at trial.

    I.    Order Defendant to pay Ms. Fradestin and a class of similarly situated Haitian employees punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: May 14, 2008.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L Street, N.W.
        Washington, D.C.  20507

        MARY JO O'NEILL
        Regional Attorney
        Phoenix District Office

        RITA BYRNES KITTLE
        Acting Supervisory Trial Attorney
        EEOC Denver Field Office
        303 E. 17th Ave Suite 410
        Denver, CO  80203
        rita.kittle@eeoc.gov

          tel/303-866-1347
          fax/303-866-1375

          s/ Jennifer Randall
          JENNIFER RANDALL
          Trial Attorney
          EEOC Denver Field Office
          303 E. 17th Ave Suite 410
          Denver, CO  80203
          jennifer.randall@eeoc.gov
          tel/303-866-1378
          fax/303-866-1375

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**